THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Keith Rochester
 d/b/a Rochester Cab Company and South Carolina Uninsured Employers Fund, Defendants,
 v.
 Arthur G.
 Roberts (deceased), Appellant,
 of whom South
 Carolina Uninsured Employers Fund is the Respondent.
 
 
 

Appeal from Oconee County
J. Cordell Maddox, Jr., Circuit Court
 Judge
Unpublished Opinion No. 2008-UP-323
Submitted June 1, 2008  Filed June 27,
 2008    
REVERSED

 
 
 
 W. Grady Jordan, of Easley, for Appellant.
 Amy V. Cofield, of Lexington, for Respondent.
 
 
 

PER CURIAM:  Arthur G. Roberts (deceased), appeals the
 circuit courts reversal of the Workers Compensation Commissions order
 finding Roberts was an employee of Rochester Cab Company (Rochester).  We reverse.
FACTS
Roberts
 was shot and killed while driving a cab for Rochester Cab Company.  The single
 commissioner found that Roberts was Rochesters employee under the workers
 compensation statute.  S.C. Code Ann. § 42-1-130 (Supp. 2007).  The appellate
 panel affirmed.  However, the circuit court reversed the appellate panel, finding
 it did not properly follow the four tests required to impose liability on as
 set forth in Nelson v. Yellow Cab Co., 349 S.C. 589, 564 S.E.2d 110
 (2002).  
STANDARD OF REVIEW
Generally, a reviewing court will not overturn a decision by the
 appellate panel unless the determination is unsupported by
 substantial evidence or is affected by an error of law.  Liberty Mut. Ins. Co. v. S.C. Second Injury Fund, 363 S.C. 612, 619, 611 S.E.2d
 297, 299 (Ct. App. 2005).  However, the narrow nature of the question on appeal
 dictates a preponderance of the evidence standard.  Workers compensation awards are
 authorized only if an employer-employee relationship exists at the time of the
 injury.  Whether or not an employer-employee relationship exists is a
 jurisdictional question.  Where the issue involves jurisdiction, this Court can
 take its own view of the preponderance of the evidence.  Nelson v. Yellow Cab Co., 349 S.C. 589, 594, 564 S.E.2d 110, 112 (2002) (citations omitted).  However, [i]t is South Carolinas policy
 to resolve jurisdictional doubts in favor of the inclusion of employers and
 employees under the Workers Compensation Act.  Id.
LAW/ANALYSIS
The analytical framework used by both the appellate panel and the
 circuit court involves the right of control and is set forth in the seminal
 case of Nelson v. Yellow Cab Co., 349
 S.C. at 594, 564 S.E.2d at 113.  There are four elements which determine
 the right of control: 1) direct evidence of the right or exercise of control;
 2) furnishing of equipment; 3) right to fire; and 4) method of payment.  Id.  In Nelson, the court stated proof of any single element would be
 indicative of an employment relationship while contrary evidence would only be
 mild evidence of an independent contractor relationship.  Id. at 594-95,
 564 S.E.2d at 113.
Here, Rochester made many decisions which demonstrate its right or
 exercise of control, including:  deciding which car to lease to which driver;
 requiring drivers to keep the cars clean, to have the oil changed at the
 companys expense, to be courteous, kind, and refrain from the use of
 profanity; and requiring drivers to have clean criminal records, to adhere to a
 dress code, to maintain the company sign on top of the cab, to charge city
 rates, and to keep their radio on if they wanted to keep their car.  Additionally,
 Rochester prohibited drivers from drinking alcohol or using drugs on the job.  
There is also evidence Rochester furnished the needed equipment,
 as it owned the cars which were leased to the drivers, paid for the car insurance,
 installed two-way radios, and provided business cards to the drivers.  Drivers
 paid for the lease of their car by providing Rochester with fifty percent of
 the fees earned.  This is an important distinction from the situation in Nelson where the driver paid a set lease fee and kept all fares and tips for his
 compensation.  Id. at 593, 599, 564 S.E.2d at 112, 115.  The arrangement
 in this case weighs heavily in favor of Roberts and a finding that an employer/employee
 relationship did exist.
Rochester also possessed the right to fire the drivers, as it would
 take a car away if the driver had a criminal record, used drugs or alcohol on
 the job, charged more than city rates, was not paying the full percentage of
 the fares he earned, or otherwise violated the requirements and prohibitions
 set forth above.  Moreover, Rochester specifically reserved the right to
 terminate the relationship if a driver did not complete his work in the
 expected manner.  Consequently, evidence of the third element in Nelson is present.
Finally, with respect to the method of payment, Roberts earnings
 consisted of fifty percent of his fares with the other fifty percent remitted
 to Rochester.  We find this is distinguishable from Nelson, where the
 driver kept all his fares and tips after paying a set amount to the cab company
 for lease of the vehicle.  Rochester required that city rates be observed, but
 the rate for fares outside the city could be determined by the driver.  In the
 case of checks or insurance voucher slips, the driver submitted the check or
 slip to Rochester as though it were cash, and Rochester was then responsible
 for collecting its fifty percent of the days earnings by cashing the check or
 seeking reimbursement from the insurance company.  Overall, the fact that
 Roberts was only entitled to fifty percent of his fares supports the contention
 he was an employee as opposed to an independent contractor.      
Some factors weigh in favor of finding Roberts an independent contractor;
 however, we find more evidence to support a finding he was an employee of Rochester.  Rochester controlled and disciplined the drivers, and it furnished their
 equipment, not under a contractually set arrangement, but rather based on a
 percentage of what the driver earned.  Furthermore, Rochester could terminate
 the employer/employee relationship based on a violation of how the work was to
 be performed by the driver, and the driver was only entitled to fifty percent
 of his earnings no matter how much he brought in driving the cab.  Because South Carolinas policy is to resolve jurisdictional doubts in favor of the inclusion of
 employers and employees under the Workers Compensation Act, and because there
 was ample evidence from which such a relationship could be found to exist, the
 decision of the circuit court is respectfully 
REVERSED.[1]
HEARN,
 C.J., and SHORT, J., and KONDUROS, J., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.